PER CURIAM.
In this workers’ compensation appeal, Gilberto Lopez challenges the Judge of Compensation Claims’ (JCC’s) denial of his claim for permanent total disability (PTD) benefits. Because we agree the JCC erred in denying the claimed benefits, we reverse and remand with directions to award benefits.

Background

Mr. Lopez, who drove both semi tractor-trailers and field tractors for A. Duda & Sons for twenty-seven years, sustained a compensable injury in January of 2011 to his back. After reaching maximum medical improvement on September 7, 2011, Mr. Lopez filed a petition for benefits on October 28, 2011, seeking an award of PTD benefits.
Claimant’s treating physicians opined Mr. Lopez had physical restrictions attributable to his compensable injuries that limited him to “light to medium” work. Gerri Pennachio, as requested by A. Duda & Sons, conducted on May 11, 2012 (one month before the hearing), a re-employment assessment. Ms. Pennachio explained that this assessment requires a review of an individual’s medical records to determine medical restrictions based on physicians’ opinions, review of an individual’s educational background, and review of the individual’s work history to determine whether the individual could still perform work done in the past. If not, then she was to make an assessment to determine whether the individual is employable (in at least sedentary employment) within a 50-mile radius of the individual’s home.
*1278 Ms. Pennachio testified that Mr. Lopez’s past work required a medium level of physical exertion, but that his past work required specific activities that his physicians testified he could no longer do; thus, he could not return to his previous types of employment. Ms. Pennachio’s recommendation for returning Mr. Lopez to suitable employment was that he return to A. Duda & Sons. The only job identified as within his physical restrictions and vocational capabilities was that of security guard. She testified that such a position was “probably the best option for him. He’s not really going to be employed with any other employer because he’s been with this employer since 1985, so the best way for him to try to return to work would be with Duda & Sons.” Ms. Pennachio concluded that “he really would not be placeable anywhere else.” Ms. Pennachio determined that A. Duda & Sons currently had no open security guard positions, however. The JCC accepted Ms. Pennachio’s testimony in its entirety.
Mariano Vasquez, human resources manager for A. Duda & Sons, testified about the security guard job, a job he also felt Mr. Lopez would most likely be able to perform given his physical restrictions. Mr. Vasquez testified he first contacted Mr. Lopez by writing him a letter dated November 28, 2011. That letter did not include a job offer. Likewise, subsequent contacts with Mr. Lopez in February and April 2012 did not result in any job offer. Mr. Lopez contacted Mr. Vasquez following his receipt of a May 10, 2012, letter, sent at a time, Mr. Vasquez testified, that he believed a position to be available. By the time they met, however, Mr. Vasquez determined that the position had been filled, and accordingly advised Mr. Lopez of this. Mr. Vasquez did suggest to Mr. Lopez that he contact him in September, when the harvest season begins, because there could be an available opening at that time. At no time was a job offered to Mr. Lopez by A. Duda & Sons.

Analysis

Mr. Lopez’s burden to prove entitlement to PTD benefits required him to prove he was “not able to engage in at least sedentary employment, within a 50-mile radius of [his] residence, due to his ... physical limitation.” § 440.15(1), Fla. Stat. (2010). This court has recognized that this burden was not intended to apply to some hypothetical claimant; rather the analysis properly addresses Mr. Lopez himself, the individual. See HDV Constr. Sys., Inc. v. Aragon, 66 So.3d 381, 334 (Fla. 1st DCA 2011) (“This court has stated that the legal question presented under section 440.15(l)(b)5. is not merely whether the employee is physically capable of performing at least sedentary employment, but whether the employee (the individual seeking benefits, not a hypothetical individual) can reasonably secure or obtain — “engage in” — at least sedentary employment within a fifty-mile radius of his residence, considering his physical and vocational limitations.”) (emphasis in original).
Here, Mr. Lopez could not return to the work he had done for the past twenty-seven years for A. Duda & Sons. Even though his physicians opined he could engage in light to medium work, the uncon-tradicted vocational evidence accepted by the JCC was that a security guard job with A. Duda & Sons was the only suitable employment possible: Ms. Pennachio testified that Mr. Lopez “would not be placea-ble anywhere else.”
Mr. Lopez was never offered an open position by A. Duda & Sons. That A. Duda & Sons “could” have additional security guard jobs positions in the fall (some six months after the hearing), and that Mr. Lopez “should” come in at that time, does not support a finding that Mr. Lopez failed *1279 to meet his burden. In fact, the opposite is true — the record established that Mr. Lopez was unable to secure or obtain at least sedentary employment as a security guard with the only employer likely to hire him.
The JCC erred in finding Mr. Lopez did not establish that he has permanent work-related physical restrictions that preclude him from engaging in at least sedentary employment.
REVERSED and REMANDED, with directions for entry of an order consistent with this opinion.
BENTON, C. J., WOLF, and SWANSON, JJ„ concur.